NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

―――――――――

**In re: APUTURE IMAGING INDUSTRIES CO., LTD.,**
*Petitioner*

―――――――――

2024-103

―――――――――

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in No. 4:23-cv-00508-ALM, Judge Amos L. Mazzant, III.

―――――――――

## ON PETITION

―――――――――

Before DYK, BRYSON, and TARANTO, *Circuit Judges.*

PER CURIAM.

## O R D E R

Aputure Imaging Industries Co., Ltd. petitions for a writ of mandamus directing the United States District Court for the Eastern District of Texas to vacate its October 16, 2023, order and deny Rotolight Limited's motion for substituted service. Rotolight opposes.

In June 2023, Rotolight filed a complaint in the Eastern District of Texas against Aputure alleging patent infringement. In September 2023, Rotolight moved for substituted service pursuant to Texas Rule of Civil

Procedure 106(b), which provides for court-authorized service in any "manner, including electronically . . . that . . . evidence shows will be reasonably effective" if service via registered or certified mail or delivery "has not been successful."* Specifically, Rotolight sought permission to serve Aputure, which is based in China, by emailing a copy of the summons and complaint to Aputure's legal counsel.

In its motion and supporting affidavit, Rotolight stated that it made several unsuccessful attempts to serve Aputure at a California address obtained from multiple online business databases that had the same zip code as an office listed on Aputure's own website. In its opposition, Aputure argued that Rotolight had not shown that the California address "is actually the address of Aputure," and asserted that Rotolight should be required to provide service that comports with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters.

On October 16, 2023, the court issued an order permitting substituted service on Aputure's attorney. The court found that "service has been attempted unsuccessfully for a sufficient number of times upon Defendant at locations reported to be" its "places of residence" in California, Appx1. And the court found that delivering a copy of the complaint and summons on the specified email address "will be effective to give notice to Defendant of this suit and an opportunity to answer and defend." *Id.* Aputure then filed this petition seeking to vacate that order and deny the request for substituted service. We have jurisdiction under 28 U.S.C. §§ 1651 and 1295.

---

\* Under Federal Rule Civil Procedure 4(e)(1), service may be performed by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located."

To obtain an extraordinary writ of mandamus, a petitioner must satisfy three conditions: (1) the petitioner must have "no other adequate means to attain the relief [it] desires," (2) the petitioner must show that the "right to issuance of the writ is clear and indisputable," and (3) the court "in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004) (internal quotation marks and citations omitted). Aputure has not met that demanding standard. As an initial matter, Aputure has not shown that a post-judgment appeal would be inadequate to address the alleged violation. *See In re Realtek Semiconductor Corp.*, No. 2023-132, 2023 WL 5274627, at *1 (Fed. Cir. Aug. 16, 2023).

Nor has Aputure demonstrated a clear and indisputable right to relief. Aputure argues that the district court indisputably erred in refusing to require Rotolight to first attempt service of process in China in compliance with Federal Rule of Civil Procedure 4(h)(2) and 4(f)(2). But that argument faces several obstacles. First, those provisions govern only service "at a place not within any judicial district of the United States," and the district court appears to have concluded Aputure could be served in California. Second, even putting aside that finding, Rule 4(f)(2) does not displace Rule 4(f)(3), which permits service by "other court-ordered means not prohibited by international agreement." *See Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1239 (Fed. Cir. 2010) (holding that Rule 4(f)(3) "stands independently" and "on equal footing" with Rule 4(f)(2) (internal quotation marks and citation omitted)); *In re OnePlus Tech. (Shenzhen) Co.*, No. 2021-165, 2021 WL 4130643, at *3 (Fed. Cir. Sept. 10, 2021) (noting that a showing that the plaintiff has reasonably attempted to effectuate service by conventional means is not an exhaustion requirement for service under Rule 4(f)(3)). And finally, district courts are generally accorded broad discretion in determining whether to allow alternative means of

4                    IN RE: APUTURE IMAGING INDUSTRIES CO., LTD.

service.  *See Nuance*, 626 F.3d at 1239–41.  On this record, we are not prepared to say that granting Rotolight's motion was a clear abuse of discretion that would warrant mandamus relief.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

January 26, 2024                          Jarrett B. Perlow
     Date                                  Clerk of Court